**FILE UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA *ex rel.*, YVONNE GARRY, Plaintiff, | § § § | |
| | § | |
| BRINGING THIS ACTION ON BEHALF OF THE UNITED STATES OF AMERICA | § § § | |
| | § | |
| | § | |
| c/o    Hon. Ryan K. Patrick United States Attorney Southern District of Texas 1000 Louisiana Street, Ste. 2300 Houston, Texas 77702 | § § § § § | CASE NO. 4:21-mc-397 |
| | § | |
| and    Hon. Monty Wilkinson Acting Attorney General of the United States United States Department of Justice 950 Pennsylvania Avenue NW Washington, D.C. 20530-0001 | § § § § § § | |
| | § | |
| -v- | § § | |
| FIRST CHOICE AMBULANCE SERVICES, INC., Defendant. | § § § | |

---

PLAINTIFF THE UNITED STATES OF AMERICA *EX REL.,* YVONNE GARRY'S
ORIGINAL COMPLAINT

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES The United States of America *ex rel.,* Yvonne Garry ("United States" or

"Plaintiff") and files this complaint against First Choice Ambulance Services, Inc. ("First Choice"

or "Defendant") for fraud in its handling of federal funding, and in support respectfully shows as follows:

## I.
## PARTIES

1.      Yvonne Garry is the Relator in this *qui tam* action filed under the False Claims Act.

2.      Garry resides in Harris County, Texas.

3.      Garry worked for Defendant as a paramedic based out of Harris County, Texas.

4.      Pursuant to 31 U.S.C. § 3730(b)(1) this action is brought in the name of the United States and Garry.

5.      First Choice Ambulance Services, Inc. is the Defendant in this case.

6.      First Choice is a Texas corporation headquartered in Harris County, Texas.

## II.
## FILING AND SERVICE REQUIREMENTS

7.      Pursuant to 31 U.S.C. § 3730(b)(2), this action has been filed under seal.

8.      This action shall remain under seal for at least sixty (60) days and will not be served on the Defendant until ordered to do so by this Court.

9.      The United States Attorney General and the United States Attorney for the Southern District of Texas will be served with a copy of this complaint.

10.     Relator will also transmit to the Department of Justice an attorney-client privileged "Relator's Statement" and associated documents.

11.     Pursuant to the False Claims Act, Relator's Statement contains written disclosure of substantially all material evidence and information the Relator possesses.

III.
JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction because this case arises under a federal statute, namely the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.*

13. This Court has personal jurisdiction because First Choice can be found, resides in, and/or transacts business in Harris County, Texas, which is within this federal district. Furthermore, the actions giving rise to the false claim occurred in Harris County, Texas, which is within this federal district.

14. Venue is appropriate because First Choice conducts a substantial part of all of its activities within Harris County, Texas.

IV.
FACTS

15. On October 26, 2020, Yvonne Garry started working as a paramedic for First Choice Ambulance Services, Inc.

16. First Choice provides private ambulance transportation to and from dialysis clinics, hospitals, nursing homes, residences, retirement centers, etc. in Harris County, Texas and surrounding counties.

17. As the result of providing private ambulance transportation, First Choice receives funds from the Federal Government for patients who qualify for Medicare or Medicaid.

18. While working for First Choice, Ms. Garry learned that First Choice was committing fraud against the Federal Government.

19. Specifically, Ms. Garry learned that First Choice was purposefully reporting inaccurate/incomplete information to the Federal Government to get paid for claims that should not have been covered by Medicare or Medicaid.

20.   First Choice purposefully manipulated information in Patient Care Report (PCR) narratives to make it look like ambulance transportation was medically necessary even if it was not.

21.   First Choice attempted to force Ms. Garry to exclude truthful information from her PCRs to make it look like ambulance transportation was medically necessary even if it was not.

22.   Specifically, on multiple occasions, including but not limited to the following, First Choice attempted to force Ms. Garry to remove any references to chairs (including wheelchairs and dialysis chairs) from her PCR narratives:

    a.   Report No. 14047: QA Reviewer Misarenina Walker Kamar instructed me to "Please remove anything about a wheelchair out of your narrative."

    b.   Report No. 14095: QA Reviewer Misarenina Walker Kamar instructed me to "Remove anything about a wheelchair out of narrative."

    c.   Report No. 14436: QA Reviewer Erika Dunbar instructed me to "PLEASE REMOVE THAT YOU DIDNT [sic] ASSIST PATIENT, YOU ARE TO ASSIST WITH EVERY PATIENT."

    d.   Report No. 14613: QA Reviewer Erika Dunbar instructed me to "REMOVE DIALYSIS CHAIR."

23.   Additionally, on December 18, 2020, Ms. Dunbar verbally instructed Ms. Garry to take any references to wheelchairs or chairs out of her reports because otherwise Medicare or Medicaid would not pay.

24.   Ms. Garry refused and informed Ms. Dunbar that it would be against the law.

25.   On either December 21 or 23, 2020, Ms. Kamar also instructed Ms. Garry to take any references to wheelchairs or chairs out of her reports.

26. Again, Ms. Garry refused as it would be considered falsifying information that is provided to the Federal Government.

27. At that point, owner Carolyn Johnson joined the conversation and told Ms. Garry she just needed to listen to them and stop referencing wheelchairs or chairs because she, Ms. Johnson, needed to get paid.

28. On January 6, 2021, Ms. Garry received a text message from Ms. Kamar again instructing her to "correct" the reports from 2020 ASAP.

29. Again, Ms. Garry refused to do so and told her that it would be a violation of the Texas False Claims Act to alter a report for payment purposes.

30. On January 8, 2021, Ms. Johnson called Ms. Garry into her office and asked what her problem was with altering her reports.

31. Again, Ms. Garry advised Ms. Johnson that she would not alter her reports for payment purposes as it would jeopardize her paramedic certification and she could potentially face criminal liability.

32. January 12, 2021 was the last day Ms. Garry worked for First Choice.

33. On January 14, 2021, Ms. Johnson told Ms. Garry there was no more work for her for the rest of the week.

34. On January 18, 2021, Ms. Johnson terminated Ms. Garry.

35. Ms. Johnson told Ms. Garry she thought she was a great paramedic. However, Ms. Johnson could not use her because she could not submit her reports.

36. Ms. Johnson said if she submitted Ms. Garry's reports that Medicare/Medicaid would not pay.

37.     Ms. Johnson also alleged she had some other minor issues with Ms. Garry like not answering her cell phone if she was driving and putting Ms. Johnson on speaker phone one time.

38.     However, it was very clear the reason Ms. Johnson was terminating Ms. Garry was because she refused to alter her reports.

39.     Later, Ms. Johnson told the Texas Workforce Commission in response to Ms. Garry's application for unemployment benefits that Ms. Garry had quit/stopped showing up for work.

40.     The real reason First Choice terminated Ms. Garry was because she refused to engage in fraudulent activities against the Federal Government of the United States of America

V.
CAUSE OF ACTION: QUI TAM

41.     As described above, First Choice knowingly presents, or causes to be presented, false or fraudulent claims for payment or approval.

42.     As described above, First Choice knowingly makes, uses, or causes to be made or used, false records or statement material to a false or fraudulent claim.

43.     As described above, First Choice conspires to knowingly present, or cause to be presented, false or fraudulent claims for payment or approval.

44.     As described above, First Choice conspires to knowingly make, use, or cause to be made or used, false records or statements material to false or fraudulent claims.

VI.
CAUSE OF ACTION: RETALIATION

45.     As described above, First Choice retaliated against Relator when Relator refused to participate in First Choice's fraud.

46.     First Choice retaliated against Relator by cutting her hours and subsequently firing her.

47.     Because of First Choice's actions, Relator has suffered damages within the jurisdictional limits of this Court.

VII.
DAMAGES

48.     Relator seeks treble actual damages suffered by the United States.

49.     Relator seeks a civil penalty of not less than $5,000 nor more than $10,000, upwardly adjusted for inflation, for each false statement made or claim submitted.

50.     Relator seeks all costs incurred in recovering damages or penalties.

51.     Relator seeks attorney fees.

52.     Relator seeks pre and post judgment interest at the maximum rate allowed by law.

53.     Relator seeks an award of a percentage of the damages recovered, at the maximum percentage allowed by law.

WHEREFORE, premises considered, Relator respectfully prays that upon a trial on the merits that damages be awarded in the amount sought herein and for such other and further relief to which she is justly entitled whether at law or in equity.

Respectfully submitted,

*/s/ Julie L. St. John*
Julie L. St. John *(Attorney-in-Charge)*
Texas Bar No. 24106460
S.D. Texas Bar No. 3139258
Robert J. Wiley*
Texas Bar No. 24013750
S.D. Texas Bar No. 596499
*Board Certified in Labor and Employment Law
by the Texas Board of Legal Specialization*

WILEY WHEELER, P.C.
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile:  (713) 337-1334
jstjohn@wiley-wheeler.com

ATTORNEYS FOR PLAINTIFF

<u>SEPARATELY SIGNED CERTIFICATE OF INTERESTED PARTIES</u>

I believe the following parties to have an interest in this matter:

1.      Yvonne Garry, 10000 Fannin Street, Apt. 308, Houston, Texas 77045.

2.      Wiley Wheeler, P.C., 1651 Richmond Ave, Houston, Texas 77006, and attorneys Robert J. Wiley and Julie L. St. John.

3.      The United States of America, Monty Wilkinson, Acting Attorney General.

4.      First Choice Ambulance Services, Inc., 2646 S. Loop West, Ste. 320, Houston, Texas 77054.


*/s/ Julie St. John*
Julie St. John